Samuel M. Gold, J.
In Terry v. Ohio (392 U. S. 1, 19), it was stated that it is necessary to balance the need for a search against the invasion which a search entails and, therefore, 1 ‘ the central inquiry under the Fourth Amendment [is] the reasonableness in all the circumstances of the particular governmental invasion of a citizen’s personal security ”.
The Stop and Frisk Law (Code Crim. Pro., § 180-a) broadened the scope of a reasonable search to provide that a police officer may stop for questioning any person in a public place, whom he reasonably suspects is committing a crime and, if he reasonably suspects that he is in danger of life or limb, he may search such person for a dangerous weapon.
Here an unknown man told a police officer that one of two men walking west on 112th Street, who was wearing a brown army jacket, had a gun. Nothing further was related by this man nor did the officer ask for any details. The officer immediately started to follow the two men. It was midmorning and there were no persons on that side of the street. Without saying a word the officer embraced the man in a bear hug, told him to get into a nearby hallway, where he felt an object at his belt, which was a gun.
This search and seizure went beyond even a frisk, which involves “ the patting of the exterior of one’s clothing ” (People v. Peters, 18 N Y 2d 238, 245). This type of precipitate police action can be justified only when, in addition to the information furnished, there are “ exigent circumstances ” relating to “ matters gravely affecting personal and public safety” (People v. Taggart, 20 N Y 2d 335, 343). In Taggart the presence of the suspect among a group of children in a playground was said to be a “ particular circumstance suggesting that the occasion was not one in which a preliminary interrogation * * * was indicated” (p. 340). The officer took him by the hand, put him against a wall, and then took a gun out of his pocket. In People v. Arthurs (24 N Y 2d 688), the officer was told by a passerby that a man had discharged a pistol outside a bar; patrons at the bar verified the information and described defendant; and another passerby pointed out defendant, Avho fitted the description. The officer had defendant put his hands up against an automobile and took a gun from his belt.
*934 In Terry (392 U. S. 1, supra) the court found the officer’s action justified when he observed suspicious conduct of three men apparently “ casing a job,” who, moreover, gave mumbling responses to his questions. He grabbed one of them, spun him around to face the others, and frisked him, finding a gun. In People v. Hudson (27 N Y 2d 911), the officer was informed by a store owner of defendant’s suspicious movements, his questioning eliciting an incoherent reply from defendant, who had his hands in his pockets; when he removed his hands at the officer’s request, the officer frisked him and found a gun.
Here there was only the information from an unknown person that defendant had a gun. Although there was nothing in this bare statement to indicate that defendant would use the gun if stopped for questioning, the officer, if fearful of such danger, need only have approached with hand on his gun. Indeed, this officer placed himself in a vulnerable position by ignoring defendant’s companion while embracing defendent, if these men were as dangerous as he feared them .to be.
There were no exigent circumstances — defendant was merely walking in "the street, after apparently shopping* in a supermarket, and had not been reported .as having done anything of a suspicious nature; there were few people in the street; and it was midmorning. The officer, without bothering to get any details, immediately went off to take drastic action, as if a dire emergency were impending. The Fourth Amendment would have no meaning if any one could be seized in a bear hug in the street, without being asked a single question, merely on the strength of a story related to an officer by some unknown person, which, even if true, did not itself indicate exigent circumstances.
The order granting defendant’s motion to suppress should be affirmed.