Chief Judge Fuld.
The three claimants, Puerto Rican born citizens of the United States, were employed in New York City for varying lengths of time. When, in 1968, they lost their jobs, they returned to their native communities in the area of Aguadilla, Puerto Rico. Declared ineligible for unemployment insurance benefits on the ground that they had removed themselves to an area of “high persistent unemployment ”, where their respective occupations were not in demand, the claimants *334 took appeals from decisions of the Unemployment Insurance Appeal Board. The Appellate Division affirmed and on this appeal, taken as of right (CPLR 5601, subd. [b], par. 1), the claimants urge that the denial of benefits by the Industrial Commissioner, the respondent herein, violates their constitutional right to travel, their right to equal protection of the laws and their due process rights.
A claimant’s eligibility for unemployment insurance coverage is determined, in part, by section 591 of the Labor Law. Insofar as pertinent, it provides, in subdivision 1, that
“ Benefits shall be paid only to a claimant who is totally unemployed and who is unable to engage in his usual employment or in any other for which he is reasonably fitted by training and experience.”
And, in subdivision 2 — captioned “ Availability and capability ” —'it is recited that
“ No benefits shall be payable to any claimant who is not capable of work or who is not ready, willing and able to work in his usual employment or in any other for which he is reasonably fitted by training and experience.”[1]
For many years, it was the policy of the Industrial Commissioner, acting pursuant to section 591, that benefits not be paid to a claimant who leaves the labor market in which he was employed and moves to another area where there are no reasonable opportunities of obtaining work which he is able to perform. This policy but reflected life’s experience that a person who goes to a locale where he is unlikely to obtain employment is not really “ ready, willing and able to work ” within the sense of subdivision 2 of section 591.
In 1968, following a number of decisions of the Appeal Board, the respondent decided that a claimant’s removal to an area of “ high persistent unemployment ” was sufficient ground, in and of itself, to render him ineligible for benefits. The respondent’s definition of such an area, it should be noted, is derived from a *335 classification, made by the United States Department of Labor, of the term ‘ ‘ persistent unemployment. ”[2] . Although, as indicated in the footnote, the Labor Department considers an area to be one of “persistent unemployment” if its rate (among other things) is 6%, New York State has limited application of its policy to those areas of “ high persistent unemployment,” in which the unemployment rate is over 12% of the area’s total work force; the claimants in the cases before us returned to the Aguadilla area of Puerto Rico where the rate of unemployment was 23.8%.[3]
The determination made below, as well as the policy upon which it is predicated, impresses us as eminently correct. Certainly, persons who move to an area of high persistent unemployment may reasonably be deemed ‘ ‘ unavailable ’ ’ for employment since they have effectively insulated themselves from all likelihood of becoming employed—and so the courts have held. (See, e.g., Matter of Velasquez [Catherwood], 36 A D 2d 995; Matter of Sitiriche [Catherwood], 36 A D 2d 675; Matter of Alvarado [Catherwood], 35 A D 2d 688; Galvan v. Catherwood, 324 P. Supp. 1016; see, also, Wadlington v. Mindes, 45 Ill. 2d 447, app. dsmd. 400 U. S. 935.)
We perceive no basis for the claimants’ initial contention that the determination below violates their constitutionally pro *336 tected right to travel. It neither prevents nor attempts to hinder anyone from leaving the State and going wherever he chooses. The policy underlying the determination is simply designed to assure that unemployment insurance benefits are paid only to persons genuinely involuntarily unemployed, persons who are “ ready, willing and able to work ” (Labor Law, § 591, subd. 2). Thus, a person is deemed unavailable for work and, therefore, ineligible for benefits when he leaves the labor market where he was last employed and enters another where there is no reasonable opportunity of obtaining work. Whether the area to which he moves is within or outside of New York is irrelevant and beside the point. No penalty is imposed, no obstacle created, to hinder or interfere with the right of interstate travel.[4]
Nor is there any warrant for the claimants ’ further plaint that the determination made by the respondent discriminates, or was designed to discriminate, solely against Puerto Bicans, in violation of the Equal Protection Clause. It is sufficient to note that no evidence was adduced at the hearing to support such a claim. Not the slightest showing was made that the respondent deliberately adopted a definition of ‘ ‘ high persistent unemployment ’ ’ in order to deny benefits to all claimants who move to Puerto Bico. In point of fact, as previously stated (p. 335, n. 3), the greater metropolitan areas of San Juan and Dorado, which contain one third of Puerto Bico’s population, are not areas of high persistent unemployment and, consequently, are not affected by the policy here in issue. It is our conclusion, therefore, that, in the absence of a showing that the policy was established or is being applied to discriminate against Puerto *337 Ricans, the distinction made between persons who move to areas where there is a reasonable opportunity of obtaining employment and those who move to areas where there is no such reasonable opportunity, clearly has a rational basis in the administration of the Unemployment Insurance Law. (See, e.g., Bandridge v. Williams, 397 U. S. 471, 485-486; Morey v. Bond, 354 U. S. 457, 465; see, also, Wadlington v. Mindes, 45 Ill. 2d 447, app. dsmd. 400 U. S. 935, supra.)
We have considered the other contentions advanced by the claimants-—-and we note they were considered by the Federal court in the Galvan case (324 F. Supp., at pp. 1019-1020, supra) —- and find them without substance.
The order appealed from should be affirmed, without costs.
Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order affirmed.

. A claimant who leaves the State usually remains eligible for benefits and, if found to be eligible, may receive such benefits while residing in a new area (12 NYCRR 473.4).

. The department defines an area of “ persistent unemployment ” in this way (Area Trends in Employment and Unemployment, Oct. 1969, p. 3, U. S. Dept, of Labor, Manpower Administration):
“ A labor area, or a city of 250,000 or more population, or a county, may be classified as an area of ‘ persistent unemployment ’ when unemployment during the most recent calendar year has averaged 6 percent or more of the work force, and the rate of unemployment has:
(1) Averaged 6 percent or more and has been at least 50 percent above the national average for 3 of the preceding 4 calendar years, or
(2) Averaged 6 percent or more and has been at least 75 percent above the national average for 2 of the preceding 3 calendar years, or
(3) Averaged 6 percent or more and has been at least 100 percent above the national average for 1 of the preceding 2 calendar years.”

. It is noteworthy that application of the policy here challenged does not result in denying benefits to all claimants who move to Puerto Rico. The San Juan and Dorado areas of the island are not areas of high persistent unemployment and, consequently, persons who go to those areas, or to communities within commuting distance of them, are not ruled unavailable or rendered ineligible for benefits.

. The thought was succinctly expressed hy a three-judge Federal court in Galvan v. Catherwood (324 F. Supp. 1016, supra). “In any event,” wrote District Judge Tyler for the court (p. 1019), “ the right to travel freely throughout the several states is not an absolute right. American citizens are ‘free to travel * ** * uninhibited by statuses, rules, or regulations which unreasonably burden or restrict this movement.’ Shapiro [v. Thompson, 394 U. S. 618] at 629, 89 S. Ct. at 1329. In the case before us * * * claimants forfeit their rights only if they go to an area of such ‘ high persistent unemployment ’ that they are deemed to have effectively isolated themselves from any possibility of reemployment. Furthermore, at least on the record before us, this limitation is reasonably and directly related to the long-standing and valid policy of the unemployment insurance provisions of New York law — e.g. that a claimant be ‘ ready, willing and able to work’. New York Labor Law § 591(2).”