THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALFRED SMITH, Appellant.

First Department, January 28, 1975.

*Carol Berkman* of counsel (*William E. Hellerstein* and *William J. Gallagher,* attorneys), for appellant.

*Peter Lushing* of counsel (*Richard H. Girgenti* with him on the brief; *Richard H. Kuh, District Attorney*), for respondent.

LUPIANO, J. The issue on this appeal is the propriety of the denial of defendant's motion to suppress the physical evidence

of narcotics discovered on his person. It appears that at approximately 11:50 P.M. on January 2, 1973, a patrol car received a radio communication (based upon an anonymous phone call) that a robbery was in progress at premises 109 East 125th Street in Manhattan. No further specifics were given. The premises thus indicated consists of a multiple dwelling, containing, at street level, a bar. The officers responding to the radio call observed the interior of the bar through its window and noticed nothing peculiar. There were no external signs to indicate that a robbery was taking place or had taken place within this area of the building. After entering the bar's vestibule, the officers encountered defendant, who was in the process of leaving the bar. Defendant was walking, made no observable threatening moves, and no one called out or otherwise indicated that defendant was the perpetrator of a crime. Immediately one of the officers frisked defendant to ascertain if he had a weapon and, at the same time, inquired as to the nature of his activity. This frisk disclosed a hard object which turned out to be a small brown paper bag in which were 150 glassine envelopes containing quantities of heroin. Thereupon defendant was arrested.

Patently, under these circumstances there was no reasonable basis for the initiation of a frisk. To recapitulate: There was no designation of the perpetrator by the anonymous tipster, no specific indication by the tipster or by the police officers' own observations that the robbery was taking place or occurred in the bar as opposed to some other portion of this multiple dwelling, defendant engaged in no suspicious conduct and, in light of the subsequent frisk, no weapon was discovered on his person. As aptly noted in *People* v. *Johnson* (30 N Y 2d 929, 930): '' Absent an articulable foundation for the entrenchment upon individual liberty and privacy which a stop and frisk entails, police suspicions remain merely ' hunches ' and are not reasonable within section 180–a of the Code of Criminal Procedure [CPL 140.50].'' Upon the facts herein, it was unreasonable for the officer to conduct an immediate and unwarranted frisk of the defendant (see, e.g., *People* v. *Bronk*, 66 Misc 2d 932, affd. 31 N Y 2d 995).

In view of the fact that defendant was convicted solely on the basis of the narcotics which were discovered as a result of unconstitutional conduct by the arresting officers, the judgment of the Supreme Court, New York County (KAPLAN, J.), rendered June 1, 1973, convicting defendant, upon a guilty plea, of criminal possession of a dangerous drug (4th degree) and certifying

him to the custody of the Narcotic Addiction Control Commission, should be reversed on the law, the motion to suppress should be granted and the indictment should be dismissed.

KUPFERMAN, J. P., MURPHY and TILZER, JJ., concur.

Judgment, Supreme Court, New York County, rendered on June 1, 1973, unanimously reversed, on the law, the motion to suppress granted and the indictment dismissed.