■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN E. ODOM and JOHNNY L. ODOM, Respondents.—Appeal by the People from (1) an order of the Supreme Court, Queens County, dated January 24, 1975, which granted defendants' motion to suppress certain physical evidence and (2) a further order of the same court, dated March 26, 1975, which granted defendants' motion to dismiss the indictment. Orders reversed, on the law and the facts, motions denied, and indictment reinstated. On August 16, 1974, at approximately 10:00 P.M., Officer John Brown, patrolling in a police car, received a radio communication ordering him to proceed to a specified location. Upon his arrival he found a group of people at the scene. He was promptly informed that a fight had just ended and that one of the participants had a gun. When Brown asked where the participants had gone, several persons in the group pointed to an automobile which was proceeding toward him. He observed two occupants in the car; the driver had his right hand behind his back. Brown ordered the driver out of the car and frisked him. On the frisk he found no gun, whereupon he entered the car, pushed the driver's seat forward and found a .22 caliber handgun. Under these

facts, the search by Brown was reasonable and the handgun should not have been suppressed. The officer was informed that a fight had recently taken place and that a participant had a gun; he was specifically directed to the occupants of a nearby car. His actions in ordering the car stopped and his search of one of the defendants and of the car were in the presence and proximity of the informants and were based on probable cause (see *People v Green,* 35 NY2d 193). His method of search was not physically assaultive and was reasonably carried out (see *People v Bronk,* 31 NY2d 995). Latham, Acting P. J., Christ and Brennan, JJ., concur; Margett and Munder, JJ., dissent and vote to affirm the orders, with the following memorandum: In its decision, the majority has held that Officer Brown's actions in ordering the car stopped and in conducting a search of one of the defendants, as well as of the car, was based upon probable cause. We disagree and would affirm. Officer Brown arrived at a street in Queens pursuant to a radio communication and was informed by an anonymous group at the scene that defendants had a gun and were in a car a few feet away. Brown observed the driver of the car, who had his right hand behind his back. Brown ordered the driver out of the car and frisked him, but found nothing. He then searched the car and found a gun under the driver's seat. This search was unreasonable and was not based upon probable cause (see *People v Bluitt,* 33 NY2d 997; *People v Blanks,* 35 NY2d 942; *People v Bronk,* 66 Misc 2d 932, affd 31 NY2d 995). The evidence seized was properly suppressed.