█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIM LEVINE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 1, 1976, convicting him of attempted possession of a weapon in the third degree, on his plea of guilty, and imposing sentence. The appeal brings up for review a decision of the same court which, after a hearing, denied defendant's motion to suppress physical evidence. Judgment reversed, on the law, motion granted, and indictment dismissed. On October 6, 1975 Detective Salvatore Nuccio received an anonymous telephone call from a man who said that he had, on several occasions, seen a coworker who had two guns in his possession and that he had last seen the guns on the prior day. The caller fully described the coworker and advised Detective Nuccio where and when the person could be apprehended. The caller also said that the unnamed coworker owned a Ford convertible, license plate number 875 KMF. Detective Nuccio and two other

officers proceeded to the specified location and observed a man who exactly fit the description given by the anonymous caller. The suspect was apparently leaving his place of employment for lunch and there were no suspicious or exigent circumstances. Detective Nuccio and Officer Lesie approached the defendant with their guns drawn, grabbed him, put him against a wall and patted him down. They discovered a black pengun and arrested the defendant. Until this time there had been no conversation with the defendant. Anonymous information is generally considered to be the weakest sort of information *(People v De Bour,* 40 NY2d 210). Although independent observation of the defendant corroborated some parts of the anonymous information, there was insufficient justification for the abrupt seizure and "pat down" of the defendant. Since the information was only that the defendant was in possession of two guns on a day prior to that of the anonymous tip, and there were no exigent circumstances, the drastic police action taken was beyond the scope of CPL 140.50 and was contrary to the guarantees of the Fourth Amendment (see *People v Green,* 35 NY2d 193; *People v Bronk,* 31 NY2d 995, affg 66 Misc 2d 932; *People v De Bour,* 40 NY2d 210, *supra).* Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.