■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD GLENN TUCKER, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered February 11, 1975, convicting defendant upon his plea of guilty of the crime of possession of weapons and dangerous instruments and appliances. The defendant entered his plea of guilty following the denial of his motion to suppress certain tangible evidence, and the sole issue presented on this appeal concerns the legality of a search of defendant's suitcase in which the incriminating evidence was found. The facts are not in dispute. On March 31, 1973 at about 3:30 A.M., four detectives assigned to the narcotics enforcement unit were in a police vehicle in front of 82 Clinton Avenue in the City of Albany when they observed a cab pull up in front of 87 Clinton Avenue from which the defendant alighted and started up the steps to 87 Clinton Avenue. The officers made a U-turn and pulled up to that address, got out of their car, and approached the defendant. Officer Sutton, who testified at the suppression hearing, asked the defendant to wait a minute, and the defendant, who was carrying a suitcase, first placed the suitcase in the hallway of the house, closed the door, and then walked down to the landing where the police officers were located. Officer Sutton testified that, while the defendant was looking for his identification, he smelled marijuana, and that the defendant was patted down and a search of his person revealed a manila envelope containing seven marijuana cigarettes. Officer Sutton testified further that earlier on that day he had received information from a confidential reliable informant that the defendant was "supposed to have a gun"; that either the defendant or a girl coming down the steps of 87 Clinton Avenue opened the door, and *"we* went inside" (emphasis supplied), where the police officers opened the suitcase and found a sawed-off .22 calibre rifle and an envelope containing four bullets that fit the weapon, which they seized. It is clear from the testimony of Officer Sutton that the defendant went inside the hallway with the police officers, where he had placed the suitcase. The search of defendant's person which produced the marijuana was predicated on the premise, based on information supplied to Officer Sutton from a reliable source, that the defendant was supposed to have a gun. Under such circumstances the officer was justified in stopping and frisking the defendant based on his reasonable suspicion that he was in danger of physical injury *(People v Moore,* 32 NY2d 67; CPL 140.50). Having concluded that the stop was justified and considering the reason for the stop, we do not find the scope of the search constitutionally or statutorily impermissible. The defendant was observed placing the suitcase inside the hallway, and closing the door before responding to any inquiries by the police officer. Considering the early morning hour, the deserted streets, and the information as to the possession of a gun by the

defendant who was known to the police officer and observed by him entering the premises with the suitcase in question, upon the totality of the circumstances existing at the time and place, we think the limited intrusion involved in searching the defendant's suitcase was reasonable *(People v Moore, supra; People v Taggart,* 20 NY2d 335; *People v Pugach,* 15 NY2d 65).* Judgment affirmed. Koreman, P. J., Greenblott and Larkin, JJ., concur; Sweeney and Herlihy, JJ., dissent and vote to reverse in the following memorandum by Sweeney, J. Sweeney, J. (dissenting). The majority bases its affirmance on the theory that a stop and frisk was permissible under the exigent circumstances here present. We disagree and are to reverse. The facts are amply set forth in the majority opinion and we do not intend to elaborate thereon. We would like to add, however, that the trial court found that the initial search was for a weapon and suppressed the manila envelope containing the marijuana cigarettes found on the defendant on the ground that such search was without probable cause. While it is true that a full-fledged search and seizure must be supported by probable cause and a stop and frisk need satisfy only the reasonableness requirement, even the less stringent standard is totally lacking here. The officer is not justified in acting merely on suspicion but only on the reasonable inferences he is entitled to draw from facts in light of his experiences *(Terry v Ohio,* 392 US 1). In our view, there is considerable doubt as to the validity of the initial search. We will not comment on that aspect, however, but pass directly to the permissibility of the search of the suitcase. When the officers confronted defendant they had questionable information that defendant "was supposed to have a gun". One of the officers, nevertheless, patted down defendant, frisked him and found the marijuana cigarettes but found no gun. At that point in time defendant could have been arrested and taken to police headquarters. There was then no justification for the officers to reasonably suspect they or anyone else were in any immediate danger of physical injury, a prerequisite to a legal frisk (CPL 140.50; *People v Mack,* 26 NY2d 311). It is well established that absent emergency circumstances the frisk is limited to the patting down of the exterior clothing of the suspect *(People v Peters,* 18 NY2d 238; *People v Rivera,* 14 NY2d 441). The suitcase at the time of the frisk was then some distance away behind a closed door and a weapon therein presented no danger to the officers. The police, however, conducted a full-blown search which must be supported by probable cause, on the pretext of a stop and frisk where reasonableness is the requirement. Such action, in our view, was an impermissible extension of the doctrine permitting a search where immediate danger exists. The cases relied upon by the majority in support of affirmance are factually distinguishable. In *People v Moore* (32 NY2d 67), the police had information that defendant was sick and had a gun. After searching a handbag she was carrying, a gun was found. In *People v Taggert* (29 NY2d 335), the defendant was standing in the midst of a group of children and the gun was found in his pocket. In *People v Pugach* (15 NY2d 65), the frisk was conducted in the rear of a police car and the gun was found in a briefcase which defendant was holding on his lap. In each of these cases the weapon that presented a potential danger was within arms reach and clearly distinguishable from the circumstances present in the instant case. The judgment should be reversed and the contents of the suitcase suppressed.