OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*1144 On this appeal, it is argued that a police officer’s instruction to defendant to place a plastic bag in his possession on the ground, and the officer’s subsequent search of the bag, were unsupported by reasonable suspicion as a matter of law. Reasonable suspicion involves a mixed question of law and fact, which is beyond the review powers of this court if there is evidence adduced at the suppression hearing which supports the determination made by the courts below. (People v Harrison, 57 NY2d 470, 477.)
In this case, defendant was a passenger upon a moped which was operated without license plates, at 2:30 a.m., in a high crime area. Neither defendant nor his companion could produce any form of identification. Upon the officer’s inquiry as to what was in a plastic bag in his possession, defendant removed a pair of pants from the bag, impliedly suggesting that the bag contained nothing else, whereupon a bulge appeared in the bottom of the bag from a heavy object within. The officer perceived the situation to be dangerous, and ordered defendant to place the bag on the ground. In the bag the officer discovered a .45 caliber weapon. We are presented with affirmed factual findings that the officer’s conduct was based upon reasonable suspicion under the circumstances, and that the officer perceived the situation to be a dangerous one. Accordingly, it cannot be said that the officer’s conduct was unwarranted as a matter of law.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Order affirmed in a memorandum.