OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Police officers, who as in the present case have received a report that a person answering defendant’s description was seen waving a gun on the street, and who thereafter conduct a valid stop and frisk, are not limited to a patdown of the suspect’s person and may examine personal items capable of concealing a weapon within the suspect’s grabbable reach “as an incident to an inquiry upon grounds of safety and precaution” (People v Pugach, 15 NY2d 65, 69; see, People v Davis, 64 NY2d 1143; People v Moore, 32 NY2d 67, cert denied 414 US 1011; People v Tratch, 104 AD2d 503). The factual findings made at the Appellate Division, which have support in the record and thus may not be disturbed by this court (People v Harrison, 57 NY2d 470), establish that grounds for a stop and frisk existed (e.g., People v McLaurin, 43 NY2d 902) and that the parameters of a permissible frisk were not exceeded (People v Pugach, supra; People v Tratch, supra; United States v Sims, 450 F2d 261,263; Commonwealth v Anderson, 366 Mass 394, 318 NE2d 834). People v Tucker (44 NY2d 941, revg on dissent at 58 AD2d 673, 674) involved “a full-blown search * * * [conducted] on the pretext of a stop and frisk” and is, therefore, distinguishable on its facts.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.