OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the judgment of conviction vacated, the motion to suppress physical evidence granted and the indictment dismissed.
Although there was reasonable suspicion justifying the police officer’s initial approach and inquiry of defendant, there was no basis under which the subsequent search of defendant’s bag can be upheld. There was no probable cause to believe that defendant had committed, was committing or was about to commit a crime and no claim is made that the officer entertained a reasonable fear that he was in danger of physical injury by virtue of defendant being armed (see, People v Brooks, 65 NY2d 1021; People v Davis, 64 NY2d 1143). Unlike the cases relied on by the Appellate Division majority, defendant in this case did not consent to the search. Absent a showing of the existence of one of “ ‘a few specifically established and well-delineated exceptions’” (Schneckloth v Bustamonte, 412 US 218, 219; Katz v United States, 389 US 347, 357; People v De Santis, 46 NY2d 82, 87, cert denied 443 US 912) to the constitutional proscription on warrantless searches, such action, undertaken without probable cause, will not be upheld.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.