■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KUGLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered April 10, 1983, convicting him of criminal possession of a weapon in the third degree (two counts), upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain statements and physical evidence.

Judgment reversed, on the law and the facts, those branches of the defendant's omnibus motion which were to suppress certain statements and physical evidence granted, indictment dismissed, and matter remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On this appeal, we are asked to determine whether there was a reasonable basis for police officers to act on the assumption that the defendant was the individual referred to in a radio transmission containing information provided by an anonymous source, and whether it was reasonable for these officers to infer that the defendant was then armed and dangerous.

On August 7, 1981, at approximately 7:40 P.M., two police officers, while patrolling in a marked vehicle, received a radio transmission of a "past assault" at 103rd Street and Astoria Boulevard, in Queens County. Moments later, while en route to the designated location, the officers received a second communication informing them that a white male, approximately six feet tall, and with blond hair, was known to frequent a bar in the vicinity, and was known to carry a gun. The source of this information was never established.

When they arrived at the scene, one of the officers noticed the defendant, a white male, standing in front of a bar. He was attempting to clear obstructions, in order to enable an ambulance to get through to render aid to the assault victim. The officer exited his vehicle, approached the defendant, and, without a word, deliberately grazed his hand across the defendant's midsection. The officer, upon his perception of feeling the butt of a gun, grabbed the defendant's arms, pinned him to the side of the ambulance, and directed his partner to retrieve the object from the defendant's abdominal area. The officers discovered a .22 caliber revolver. The defendant seeks to suppress the .22-caliber revolver and certain statements made by him subsequent to his arrest.

That branch of the defendant's motion which was to suppress should have been granted. According to *People v De Bour* (40 NY2d 210, 221) and the decisional law which further developed the standards for assessing the justification for various police measures where anonymous information providing a general description and location of a " 'man with a gun' " is the sole predicate for subsequent police action, this type of information "will not of itself constitute reasonable suspicion thereby warranting a stop and frisk of anyone who

happens to fit that description" *(see, People v Stewart,* 41 NY2d 65, 69). An evaluation of the information conveyed to the two officers, and the circumstances which they subsequently encountered, lead us to conclude that the precipitous action taken by the police was not warranted. In order to justify a frisk, there must be "reliable knowledge of facts providing reasonable basis for suspecting that the individual to be subjected to that intrusion is armed and may be dangerous" *(see, People v Russ,* 61 NY2d 693, 695). The information provided by the radio communication did not indicate that a specific individual was at a specific location and was armed. Moreover, there was no basis for the officers to infer that the defendant, because he was the only white man in the crowd, was currently in possession of a weapon. When the defendant was first noticed by the police, he was in the process of actively assisting the ambulance as well as the police. Nor did the police broadcast indicate that the individual known to carry a weapon was in any way connected with the assault. "There is a difference of significant degree between a report only that a person has a gun in his possession and another report that * * * he has just used it for the commission of a crime" *(People v Green,* 35 NY2d 193, 196).

Finally, and most significantly, the record is totally barren of any evidence that the officers harbored any fear of physical injury or that the defendant was dangerous *(see, People v McNatt,* 65 NY2d 1046).

Accordingly, the weapon and the statements which were taken subsequent to the defendant's arrest must be suppressed *(see, People v Stewart, supra,* at p 70), and the indictment dismissed. Mangano, J. P., Rubin, Eiber and Kooper, JJ., concur.