■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NICK VULLIS, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Zelman, J.), dated June 11, 1986, which granted those branches of the defendant's omnibus motion which were for the suppression of physical evidence and dismissal of the indictment.

Ordered that the order is affirmed.

The arresting officer, the only witness to testify at the suppression hearing, observed no suspicious conduct on the defendant's part immediately before she frisked him. Whether the mere observance of a bulge containing no particular

outline in the defendant's left front pocket was a circumstance justifying the frisk *(cf., People v Prochilo,* 41 NY2d 759) need not be determined. Upon retrieving a plastic beeper from the defendant's pocket the arresting officer should have ended her search. The record is devoid of any indication that she reasonably suspected she was in danger of physical injury (CPL 140.50 [3]). Therefore, the officer was not justified in also retrieving small plastic bags containing the contraband, upon which the arrest of the defendant was premised *(see, People v McNatt,* 65 NY2d 1046; *People v Kugler,* 122 AD2d 955; *cf., People v Davis,* 64 NY2d 1143). Mangano, J. P., Eiber, Kunzeman and Harwood, JJ., concur.