■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COVERT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered May 21, 1984, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which sought to suppress certain physical and identification evidence.

Ordered that the judgment is affirmed.

After being informed by the complainant that she had followed the men who had robbed her to a nearby apartment building, the arresting officers entered and found three men on the steps in the vestibule. After placing the men against the wall, the complainant, on her own initiative, entered the building and identified 2 of the 3 men as her assailants. A frisk of the defendant and his codefendant and a search of a bag which was situated next to the defendant revealed eight live rounds of ammunition and a gun.

Probable cause for the defendant's arrest was readily established by the complainant's description of the perpetrators and her pursuit of them to a nearby building where she identified them as her assailants *(see,* CPL 140.10; *People v Hairston,* 117 AD2d 618, *lv denied* 67 NY2d 884; *People v Irving,* 107 AD2d 944). Moreover, a warrant was not required to effectuate the arrest of the defendant in the vestibule of the apartment building whose front doors were broken *(see, People v Johnson,* 114 Misc 2d 578, *affd* 126 AD2d 993, *lv denied* 69 NY2d 951).

Having been informed that the suspects were armed, the officers justifiably feared for their safety and properly frisked the defendant and searched the bag which was within his grabbable area and which easily could have concealed a

weapon *(cf., People v Russ,* 61 NY2d 693; *People v Smith,* 59 NY2d 454; *People v Joyner,* 109 AD2d 753; *People v Tratch,* 104 AD2d 503). In any event, the search of the bag was incident to the defendant's lawful arrest *(People v Weintraub,* 35 NY2d 351).

The showup identification of the defendant was accidental and was untainted by any "untoward police conduct" *(People v Gonzalez,* 46 NY2d 1011; *People v Bookhart,* 117 AD2d 739).

Upon the exercise of our factual review power, we find that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.