■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DELMAR JONES, Respondent.—Appeal by the People from an order of the County Court, Westchester County (Colabella, J.), entered October 27, 1987, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by him to law enforcement authorities.

Ordered that the order is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the case is remitted to the County Court, Westchester County, for a new determination of that branch of the defendant's motion which was to suppress his statement, and for further proceedings on the indictment.

The stop of the defendant's vehicle based on the existence of a warrant for a person with the same name was proper. However, the hearing court's determination that, as a matter of law, the police officers lacked any reasonable articulable basis to fear for their safety was erroneous. While removal of a jacket is normally an innocuous action, under the circumstances of this case, including the weather conditions and the hurried manner of the defendant's removal of his jacket, that

action, coupled with the officer's knowledge of a violent felony warrant, was a sufficient basis for the police officers to reasonably suspect that the defendant might be armed. The officers' action in lifting the jacket and thereby removing it from the defendant's reach was a proper precautionary measure *(see, People v Davis,* 64 NY2d 1143, 1144; *People v Pugach,* 15 NY2d 65, 69; *People v Tratch,* 104 AD2d 503, 504; *People v Belk,* 100 AD2d 908, 909). After feeling a heavy object in one side of the jacket, the officer had reason to believe that a weapon was contained therein. Under the circumstances, there was "no suitable or safe alternative to a warrantless search of the [jacket]" *(People v Belk, supra,* at 909). Accordingly, the gun and the subsequent statement were not obtained as the result of an unreasonable search and the hearing court erred in suppressing them on that ground. However, the matter is remitted to the County Court, Westchester County, for a determination as to whether the statement was voluntarily made after a proper waiver of his *Miranda* rights. Mangano, J. P., Bracken, Lawrence and Spatt, JJ., concur.