■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMSAY WHITE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jerome Cohen, J.), rendered April 8, 1986, convicting him of robbery in the second degree (four counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court correctly denied the defendant's motion to suppress the gun found in the bag which the defendant was carrying when apprehended by the police. The evidence adduced at the hearing established that the police officers received a radio transmission reporting an armed robbery and a

description of the perpetrators. As they proceeded to the crime scene, the arresting officer observed the defendant and his companions, who matched the description, and detained them for the purpose of making inquiry.

In *People v Tratch* (104 AD2d 503), it was held that the reasonable suspicion possessed by a police officer who stopped the defendant and then frisked him for weapons to protect himself, also warranted the precautionary measure of frisking the shopping bag carried by the defendant which could have contained a gun. Having discovered a vinyl carrying case which was designed to carry a revolver, the police officer was held to have acted reasonably in opening the case and seizing the gun. *People v Tratch (supra)* was cited with approval by the Court of Appeals in *People v Brooks* (65 NY2d 1021). In *Brooks,* the court affirmed that where a gun is involved in the crime for which the suspect is validly stopped and frisked, the police officers "are not limited to a patdown of the suspect's person and may examine personal items capable of concealing a weapon within the suspect's grabbable reach 'as an incident to an inquiry upon grounds of safety and precaution' " *(People v Brooks, supra,* at 1023, quoting from *People v Pugach,* 15 NY2d 65, 69; *see also, People v Jones,* 138 AD2d 746; *People v Covert,* 134 AD2d 444; *People v Belk,* 100 AD2d 908).

It hardly needs to be repeated that the Fourth Amendment is "not a guarantee against *all* seizures, but only against *unreasonable* seizures" *(United States v Sharpe,* 470 US 675, 682). The police officers were justified in detaining the defendant and his companions for investigative purposes. Since the police officers had been apprised that the perpetrators were armed, their safety concerns warranted a frisk of the bag held by the defendant, which had made a metallic sound when it was dropped by him. When that frisk revealed that the bag contained an object which felt like a gun, it was proper police work for the officer to verify his reasonable belief that the bag contained a gun. The police action in the instant case fully met the reasonableness standard as it was justified at its inception and reasonable in scope *(see generally, United States v Sharpe, supra; Terry v Ohio,* 392 US 1; *People v Hicks,* 68 NY2d 234).

The defendant's remaining contentions have not been preserved for appellate review and nothing in the record warrants the exercise of our interest of justice jurisdiction *(see,* CPL 470.05; *People v Charleston,* 56 NY2d 886, 887-888; *cf., People v Yut Wai Tom,* 53 NY2d 44, 55). Mangano, J. P., Bracken, Kooper and Sullivan, JJ., concur.