■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL COLEMAN, Appellant. [626 NYS2d 560] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered March 1, 1993, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the hearing court erred in denying his motion to suppress the revolver recovered by the police during the search of the defendant's "knap-sac" is unpreserved for appellate review *(see, People v Tutt,* 38 NY2d 1011; *People v Manuli,* 156 AD2d 388). In any event, the hearing court properly denied suppression of the gun since it was discovered during a lawful search of the defendant con-

ducted with reasonable suspicion that the defendant was armed *(see, People v Brooks,* 65 NY2d 1021; *People v Johnson,* 59 NY2d 1014; *People v Moore,* 32 NY2d 67; *People v Cartagena,* 189 AD2d 67; *People v White,* 156 AD2d 741; *People v Tratch,* 104 AD2d 503; *People v Belk,* 100 AD2d 908; CPL 140.50 [3]).

The defendant's contention that the evidence was legally insufficient to establish that he had knowing possession of the gun has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Reisman,* 29 NY2d 278; *People v Arroyo,* 188 AD2d 655; *People v Mato,* 160 AD2d 435). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Miller, J. P., Pizzuto, Joy and Friedmann, JJ., concur.