■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN ALCIDE, Appellant. [676 NYS2d 216] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered February 18, 1997, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was convicted of criminal possession of a controlled substance in the fourth degree after cocaine was seized from his person during a traffic stop. On appeal, he argues that the court erred in denying suppression of the physical evidence.

The defendant's argument that the traffic stop was pretextual was not raised before the hearing court and is, therefore, not properly before this Court on appeal (*see, People v Lebrun,* 234 AD2d 392). In any event, the stop was not pretextual, but was, rather, permissible based upon the officers' observation of a violation of the Vehicle and Traffic Law (a broken license plate light) (*see, People v Jackson,* 241 AD2d 557; *People v McCoy,* 239 AD2d 437; *Whren v United States,* 517 US 806).

Further, the defendant's argument that he was ordered out of his vehicle, rather than that he voluntarily exited the vehicle in order to scrutinize his license plate light, raised an issue of credibility that was resolved against him by the hearing court. We find no basis to disturb the hearing court's determination (*see, People v Prochilo,* 41 NY2d 759). In any event, assuming, arguendo, that the defendant was ordered out of the vehicle by the officers, on the facts presented, such an order would have been permissible. Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence (*see, People v Robinson,* 74 NY2d 773, *cert denied* 493 US 966; *People v Ingle,* 36 NY2d 413; *People v Jackson, supra)*. Ritter, J. P., Santucci, Joy and Florio, JJ., concur.