■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON PHILLIPS, Appellant. [727 NYS2d 637] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered November 12, 1998, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that a police officer improperly used traffic violations as a pretext to search him was not raised before the hearing court and is, therefore, not preserved for appellate review (*see, People v Alcide,* 252 AD2d 591). In any event, the officer lawfully stopped the vehicle driven by the defendant's companion based upon his observation of the traffic violations (*see, People v Ellis,* 62 NY2d 393; *People v Alcide, supra*). Upon observing a bag by the defendant's feet containing a brown vegetative substance which he believed to be marihuana, the officer possessed the common-law right to inquire about the bag (*see, Matter of Camille H.,* 215 AD2d 143; *People v Hines,* 155 AD2d 722). The subsequent observations of the officer which led to the seizure of over one pound of crack cocaine from the defendant were proper (*see, People v Hill,* 148 AD2d 546).

The defendant's contention that certain remarks made by the prosecutor during summation were inflammatory is unpreserved for appellate review, as he failed to object to the remarks or move for a mistrial (*see, People v Medina,* 53 NY2d 951). In any event, the prosecutor's remarks concerning credibility were made in response to the defense counsel's comments on credibility and the conflicts between the testimony of the prosecution's witnesses and the defendant's testimony. As such, the prosecutor's remarks were a fair response to the defense counsel's summation (*see, People v Thomas,* 186 AD2d 602; *People v Persaud,* 237 AD2d 538). Furthermore, they were harmless in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230).

The defendant's contention that he received ineffective assistance of counsel is without merit (*see, People v Baldi,* 54 NY2d 137).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Ritter, J. P., S. Miller, Feuerstein and Schmidt, JJ., concur.