■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE SHACKLEFORD, Appellant. [868 NYS2d 717]—

The resolution of issues of credibility made by a hearing court are entitled to great deference on appeal, and will not be disturbed unless they are "clearly unsupported by the record" (*People v Collier*, 35 AD3d 628, 629 [2006]; *see People v Diggs*, 38 AD3d 565 [2007]; *People v Ortiz*, 31 AD3d 580 [2006]). Contrary to the defendant's contention, the record in this case amply supports the hearing court's determination to credit police testimony, as well as the court's factual findings that the vehicle in which the defendant was riding as a passenger was lawfully stopped for a traffic infraction (*see People v Ellis*, 62 NY2d 393 [1984]; *People v Phillips*, 285 AD2d 477 [2001]; *People v Alcide*, 252 AD2d 591 [1998]). Furthermore, the removal of the defendant from the vehicle in order to conduct a protective pat down was warranted due to the furtive movements the defendant repeatedly made with his hands in the vehicle, his failure to comply with a police officer's instructions to keep his hands in plain sight, and the facts, known to the police present at the scene, that he had been arrested less than two months prior to

the stop for possessing a concealed and loaded firearm and that he was under investigation for his alleged involvement in a recent shooting (*see People v Robinson,* 74 NY2d 773 [1989], *cert denied* 493 US 966 [1989]; *People v Sutherland,* 40 AD3d 890, 891 [2007]; *People v Phillips,* 285 AD2d 477 [2001]).

Additionally, the officers' actions in opening a bag that they discovered and removed from the defendant's jacket pocket during the pat down were also justified under the circumstances of this case. Police Officer Joseph Brown, who ordered the defendant out of the vehicle and conducted the pat down, felt a heavy object in the defendant's right jacket pocket. He could not ascertain what the object was, but, when he felt it through the defendant's jacket, he believed it to be a weapon. Brown removed the bag from the defendant's pocket. He testified that the object in the bag did not feel like a gun, "but you can't determine what it feels like." He subsequently testified that he felt a heavy, metal object in the bag, that he did not know what was in the bag, and that "[i]t could have been a weapon at the time." Since Brown could not rule out the possibility that the object was a weapon, he was justified in seizing it (*see People v Holmes,* 36 AD3d 714, 716 [2007]; *People v Johnson,* 22 AD3d 371, 372 [2005]). Brown handed the bag to Police Officer Francis Brook. At that point, the bag was "[i]nches" away from the defendant. Brown and Brook subsequently inspected the contents of the bag to determine whether it contained a weapon, and they observed a metal scale and a large white rock substance that appeared to be crack cocaine. The officers' search of the bag within the defendant's grabbable reach was a proper safety precaution under the circumstances (*see People v Brooks,* 65 NY2d 1021, 1023 [1985]; *People v Davis,* 64 NY2d 1143, 1144 [1985]; *People v White,* 156 AD2d 741, 742 [1989]; *People v Covert,* 134 AD2d 444, 444-445 [1987]; *People v Tratch,* 104 AD2d 503, 503-504 [1984]; *see also Matter of Marrhonda G.,* 81 NY2d 942, 945 [1993]).

Further, we find that the reasonable basis for the officers to fear for their safety had not abated (*cf. People v Roth,* 66 NY2d 688, 690 [1985]; *People v Brockington,* 176 AD2d 743, 744 [1991]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Spolzino, J.P., Lifson, Dickerson and Chambers, JJ., concur.