■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY RUSHIE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered April 12, 1988, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of his sale of cocaine to an undercover police officer in New Rochelle on April 30, 1987, and May 1, 1987. The undercover police officer, who had seen the defendant on prior occasions in New Rochelle, identified him during the trial as the seller of the drugs. An informant arranged the first transaction, but was not present at the time of the actual sales. Under these circumstances, there is no merit to the defendant's argument that the court should have given a missing witness charge with respect to the informant (see, People v Dianda, 70 NY2d 894; People v Paulin, 70 NY2d 685; People v Gonzalez, 68 NY2d 424).

The defendant further argues that the informant's identity should have been disclosed. However, this argument has not been preserved for appellate review, and, in any event, is without merit under the circumstances, (see, CPL 470.05 [2]; People v Goggins, 34 NY2d 163; People v Chavis, 113 AD2d 896).

Contrary to the defendant's argument, the prosecutor did not improperly elicit testimony from him concerning a prior arrest which was not the subject of the court's earlier Sandoval ruling. The defendant admitted the circumstances regarding this arrest freely and voluntarily during his cross-examination, in response to the prosecutor's question, "And why is it that you stopped boxing professionally?"

We have examined the defendant's remaining arguments and find them to be unpreserved for appellate review or without merit (see, CPL 470.05 [2]; People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137; People v Ashwal, 39 NY2d 105, 109; People v James, 146 AD2d 712). Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.