■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HADDOCK, Also Known as EASY S, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered July 27, 1989, upon a verdict convicting defendant of three counts of the crime of criminal sale of a controlled substance in the third degree.

After a jury trial, defendant was found guilty of making three separate sales of cocaine to State Police Investigator Gilbert Greene. Sentenced as a second felony offender, defendant received three concurrent 7- to 14-year indeterminate terms of imprisonment. Defendant urges on appeal that County Court should have given a missing witness charge, should not have permitted the People to introduce a state-

ment he made to the arresting officer in the absence of notice pursuant to CPL 710.30, and should have conducted a CPL 400.21 hearing. He further argues that his counsel was ineffective and that his sentence was harsh and excessive. We disagree and affirm.

Defendant suggests that because Monticello Village Police Lieutenant Michael Brennan provided Greene with defendant's legal name (Greene knew defendant only by his street names, "Savannah" and "Easy S"), failure to call Brennan as a witness warranted a missing witness charge in his favor *(see generally, People v Gonzalez,* 68 NY2d 424, 427-428). Contrary to defendant's contention, his name was not relevant to Greene's identification. Greene, who had seen defendant in the Village a number of times and from whom he had previously purchased cocaine on several occasions, unhesitatingly identified defendant in court as the seller *(see, People v Rushie,* 162 AD2d 733, *lv denied* 76 NY2d 943). As Greene's identification was not based on Brennan's information and Brennan was not present during the drug transactions *(see, People v Erts,* 73 NY2d 872, 874), his testimony was not material to defendant's identification *(see, People v Rushie, supra; see also, People v Dianda,* 70 NY2d 894, 896; *People v Cuffie,* 163 AD2d 485, 486-487); a missing witness charge was therefore not required.

Nor do we believe that because notice was not furnished pursuant to CPL 710.30, County Court should have suppressed a statement defendant made to a Village police officer in the course of his arrest on an unrelated matter. This statute does not require the People to serve notice regarding information that is elicited for processing purposes *(see, People v Nelson,* 147 AD2d 774, 776, *lv denied* 74 NY2d 794). Here, defendant's declaration to the arresting officer that he used the alias "Savannah" comes within the pedigree exception to *Miranda (see, People v Miller,* 123 AD2d 721, *lv denied* 70 NY2d 933); hence, no notice was necessary.

Defendant's claim that he was entitled to a CPL 400.21 (5) hearing to determine the constitutionality of his prior plea to a felony rests on his assertion that defense counsel notified County Court that when defendant pleaded guilty to the earlier felony he had been drinking and consequently was presently unable to recall the circumstances of his plea. Notably, at the later sentencing hearing, defendant, through counsel, acknowledged that he was a predicate felon and admitted the accuracy of the allegations in the second felony statement although he claimed to be unaware that he had pleaded guilty to a felony rather than a misdemeanor *(see,*

*People v Harris,* 61 NY2d 9, 20). In view of this admission, we conclude that defendant waived his right to challenge the earlier conviction *(see, People v Quattrocchi,* 121 AD2d 479, 480, *lv denied* 69 NY2d 832; *People v Alexander,* 98 AD2d 961). Given this waiver, the fact that defendant may have misconstrued the seriousness of the prior offense did not warrant a hearing *(see, People v Duff,* 158 AD2d 711, 712, *lv denied* 76 NY2d 734; *People v Williams,* 106 AD2d 786, 787).

Defendant's remaining challenges regarding the competency of his counsel and the severity of the sentence do not merit discussion.

Casey, J. P., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.