■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK L. GUIDO, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Turner Jr., J.), rendered April 17, 1986, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the first degree.

Defendant appeals his conviction of first degree criminal possession of marihuana, contending only that County Court erred in denying his suppression motion. A reading of the suppression hearing transcript reveals that, during the early morning hours of August 29, 1985, State Trooper Fred Cason observed defendant driving northbound along the Thruway in the Town of Coeymans, Albany County. Defendant was following a vehicle in front of him too closely. As Cason attempted to pull alongside defendant's vehicle, defendant drifted toward Cason's vehicle, forcing Cason to brake quickly to avoid a collision. Cason then pulled defendant over and requested his license and registration. While defendant was retrieving them, Cason detected a strong scent of marihuana emanating from defendant's vehicle and observed ashes on defendant's shirt, as well as what Cason perceived to be the burnt remnant of a marihuana cigarette on the floor beneath defendant. Cason then had defendant step out of the vehicle and arrested him for unlawful possession of marihuana. A subsequent search of defendant's vehicle yielded approximately 17 pounds of marihuana.

Defendant sought suppression of the marihuana, arguing that the police conducted an unlawful search of his vehicle. County Court denied the motion and, upon defendant's subsequent guilty plea, sentenced defendant as a predicate felon to an indeterminate term of 3½ to 7 years' imprisonment. This appeal followed.

We affirm. County Court properly denied defendant's suppression motion as the search of the vehicle was allowable

under the "automobile exception" to the requirement that a search warrant be obtained. Such exception was articulated by the Court of Appeals in *People v Belton* (55 NY2d 49), wherein the court recognized that a warrantless search of an automobile may be justified where the conditions that provide probable cause for an arrest also supply probable cause to believe that the automobile may contain contraband *(see, supra,* at 53-55). "[T]he proper inquiry in assessing the propriety of a *Belton* search is simply whether the circumstances gave the officer probable cause to search the vehicle" *(People v Blasich,* 73 NY2d 673, 681).

Here, Cason, who possessed considerable knowledge and expertise in crimes involving marihuana, testified that he discerned a strong odor of marihuana within defendant's vehicle and observed ashes on defendant's shirt and a partially smoked marihuana cigarette on the floor directly in front of the driver's seat. In our view, these conditions supplied the police with sufficient probable cause to believe that defendant's vehicle contained additional marihuana so as to justify the subsequent search of the automobile *(see, People v Belton, supra,* at 55; *People v Hines,* 155 AD2d 722, 724, *lv denied* 76 NY2d 736; *People v Mangan,* 55 AD2d 247, 250-251; *People v Chestnut,* 43 AD2d 260, *affd* 36 NY2d 971; *see also, People v Terrero,* 139 AD2d 830, 831). We further reject defendant's contention that Cason's stop of defendant's vehicle was a mere pretext for the illegal search. The record simply does not support or suggest such a conclusion.

Weiss, Mikoll, Yesawich Jr. and Harvey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).