■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH RIVERS, Appellant.—Mercure, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered January 25, 1991, upon a verdict convicting defendant of the crime of rape in the first degree.

Defendant, convicted after trial of rape in the first degree as the result of a forcible act of sexual intercourse with a 12-year-old girl and sentenced as a second felony offender to a prison term of 9 to 18 years, now appeals. We affirm.

Initially, we reject the contention that the conviction was not supported by legally sufficient evidence. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). The testimony of the victim established every element of the crime for which defendant was convicted (see, Penal Law § 130.35 [1]) and was by no means so unlikely that a jury could not have credited it under any circumstances (see, People v Bleakley, 69 NY2d 490, 495). Further, " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (supra, at 495, quoting People ex rel. MacCracken v Miller, 291 NY 55, 62), it does not appear that the jury "failed to give the evidence the weight it should be accorded" (People v Bleakley, supra, at 495; see, People v Szczepanski, 172 AD2d 884, 885, lv denied 78 NY2d 957).

We likewise reject the contentions that County Court erred in failing to give an alibi charge and that defendant was denied effective assistance of counsel as the result of the failure to pursue an alibi defense. Defendant's so-called alibi is that he was in his trailer watching television with a friend

during the afternoon of October 1, 1989, the time the victim testified the rape occurred. The evidence showed, however, that the rape took place in defendant's trailer, so there is no proof "that at the time of the commission of the crime charged [defendant] was at some place or places other than the scene of the crime" (CPL 250.20 [1]; *see,* 1 CJI[NY] 12.10, at 696-697) and, thus, no basis for an alibi defense or charge.

Finally, we reject the contention that defendant was not properly sentenced as a second felony offender. The record discloses that defendant's attorney had been supplied with the People's statement alleging defendant's May 11, 1989 conviction of aggravated unlicensed operation of a motor vehicle, a class E felony, and that defendant, individually and by his attorney, waived his right to "contest that claim" and "acknowledge[d] that he [was] a predicate felon". In our view, there was substantial compliance with the requirements of CPL 400.21 *(see, People v Harris,* 61 NY2d 9, 20; *People v Shaffer,* 144 AD2d 182, 183; *People v Bryant,* 47 AD2d 51, 63) and a waiver of the right to challenge the earlier conviction *(see, People v Haddock [Easy S],* 174 AD2d 773, 774-775, *lv denied* 78 NY2d 1010, 1011; *People v Bryant, supra; see also, People v McClain,* 35 NY2d 483, 491-492, *cert denied sub nom. Taylor v New York,* 423 US 852).

Defendant's remaining contentions, including those set forth in his *pro se* brief, are devoid of merit and do not warrant discussion.

Weiss, P. J., Mikoll and Levine, JJ., concur. Ordered that the judgment is affirmed.