■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT THOMPSON, Appellant. [648 NYS2d 548] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered February 19, 1993, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree and sentencing him to three years to life imprisonment, unanimously affirmed.

At 10:22 on a May night in 1992, defendant was pulled over by police officers in the Washington Heights section of Manhattan upon being observed driving while drinking a "golden color" liquid from a bottle. Defendant and his passenger were asked to step out of the car. The officers' guns were drawn (al-

though not pointed) because defendant had been observed suspiciously "in motion" in the car. In patting defendant down, Officer Hegmann concentrated on the waist area, in response to his companion officer's signal that she had seen defendant pushing something into his waistband. As the suppression court noted, the waistband is a common place for secreting guns (*see, People v Montague*, 175 AD2d 54, 55). Feeling a hard object, Officer Hegmann inquired and was told by defendant that it was a beeper. The suppression court credited the officer's testimony that he did not believe defendant was being truthful, thus justifying his reach into the bulky waistband, whence he withdrew not only a beeper but a large quantity of cocaine and empty crack vials.

This case is distinguishable from the factually similar *People v Diaz* (81 NY2d 106, 108), where the officer conducting the pat-down conceded that "[h]e felt no weapon but did detect what 'appeared to be a bunch of vials'." In contrast, Officer Hegmann testified that while he didn't know what the hard object was in defendant's waistband, he did not believe that it was a beeper. Unlike *Diaz*, that belief did not rule out the possibility that it was a gun. Also to be distinguished is *People v Clark* (86 NY2d 824, *affg* 213 AD2d 946), wherein the hearing court found that the object concealed in the waistband neither resembled nor felt like a weapon. According to the credible evidence, the possibility that there was a concealed weapon could not be excluded in the instant case, even after the pat-down. The suppression motion was thus properly denied. Concur— Milonas, J. P., Ellerin, Wallach, Rubin and Kupferman, JJ.