■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROHAN DUNCAN, Respondent. [650 NYS2d 644] —Order, Supreme Court, Bronx County (John Stackhouse, J.), entered July 7, 1994, which granted defendant's motion to suppress physical evidence, is unanimously reversed, on the law, the motion denied, and the matter remanded for further proceedings on the indictment.

After two officers on routine radio patrol noticed an automobile being driven with no license plates in violation of Vehicle and Traffic Law § 402, they signaled by siren and turret lights for the automobile to pull over. After a five block pursuit, it did so. At this point, it was not unreasonable for one officer to have asked the front seat passenger to exit, as a precautionary

measure, "even absent a particularized belief that [this passenger was] armed" (*People v Gil*, 211 AD2d 99, 102, citing *People v Rodriguez*, 167 AD2d 122, *lv denied* 77 NY2d 843), as another officer questioned the driver about the ownership of the vehicle (*People v Robinson*, 74 NY2d 773, *cert denied* 493 US 966; *see, People v Gil, supra*).

Upon viewing a bulge in the passenger's jacket, the officer was also justified in conducting a frisk to determine whether the defendant was armed (*People v Miles*, 208 AD2d 1089; *People v Brunson*, 166 AD2d 204), and to shine his flashlight inside the vehicle (*People v Desir*, 138 AD2d 236). After determining that the bulge in the defendant's jacket was a walkman, it was still reasonable for the officer to ask the defendant to remain outside the vehicle.

Even assuming for the sake of analysis that a further search inside the vehicle was unreasonable (*see, People v Banks*, 85 NY2d 558, 562, *cert denied* 516 US 868 ["For a traffic stop to pass constitutional muster * * * the seizure must be reasonably related in scope * * * to the circumstances which justified the detention in the first instance (citations omitted)"], we hold that the defendant's act of throwing what appeared to be a "paper or rag", later determined to be a rock-like brick of crack cocaine, to the ground behind the automobile was not "a spontaneous, provoked reaction to the illegality" (*People v Boodle*, 47 NY2d 398, 403, *cert denied* 444 US 969), but instead "an independent act involving [the] calculated risk" (here realized) that the officer would notice his actions and recover the contraband (*People v Boodle, supra*, at 404; *People v Rosser*, 150 AD2d 911, 912-913, *lv denied* 74 NY2d 746; *People v Prewitt*, 120 AD2d 551). For this reason, the brick of cocaine and the defendant's spontaneous statements offered immediately thereafter should not have been suppressed. Concur—Rosenberger, J. P., Ellerin, Wallach, Tom and Andrias, JJ.