■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JACK TURCHIO, Respondent. [663 NYS2d 875] —Appeal by the People from an order of the Supreme Court, Queens County (Leach, J.), dated December 9, 1996, which, after a hearing,

granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law, and that branch of the defendant's omnibus motion which was to suppress physical evidence is denied.

The defendant's automobile was stopped for the investigation of a cracked windshield by Sergeant Bryan McNulty. As the defendant explained the circumstances surrounding the broken windshield to the Sergeant, the Sergeant observed him reach toward the area of his waistband and then toward his pockets. At that point, the Sergeant, fearing for his safety, ordered the defendant to exit his car. As the defendant alighted from the vehicle, the Sergeant detected the strong odor of marihuana. The Sergeant then patted down the defendant's waistband area and, finding nothing, proceeded to pat down the defendant's left pants pocket. Feeling the presence of hard objects, the Sergeant reached into the defendant's pocket and removed a set of keys and a plastic bag filled with what appeared to be loosely-packed marihuana. Considering the defendant to be under arrest at that point, the Sergeant continued his search of the defendant's person and recovered 11 packets of what appeared to be cocaine from his shirt.

The hearing court found that the Sergeant's search of the defendant's pants pocket was unwarranted and granted suppression of the property recovered from the defendant, including the drugs. We conclude, however, that under the circumstances, specifically, the Sergeant's detection of the strong odor of marihuana emanating from the defendant's person, and the defendant's unexplained movements toward his waistband and pockets, provided the police with probable cause to believe that the defendant may have been carrying contraband. The police were, therefore, warranted in searching the defendant (*see, People v Chestnut*, 43 AD2d 260, *affd* 36 NY2d 971; *People v Guido*, 175 AD2d 364; *People v Martin*, 169 AD2d 1006; *People v Schobert*, 93 AD2d 949), and that branch of the defendant's omnibus motion which was to suppress physical evidence should have been denied. Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.