■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARMALEE GALES, Appellant. [696 NYS2d 13] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered May 28, 1997, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the third degree, and sentencing him to consecutive terms of 5 years to life and 3 to 6 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. After defendant, a passenger, was properly requested to exit a livery cab during a proper traffic stop (*see, People v Duncan*, 234 AD2d 8), he rapidly moved toward one of the officers while holding a bottle and the officer responded by raising his hands and saying "Whoa, relax for a second." Defendant stopped and immediately informed the officer that he possessed a gun. The record supports the hearing court's finding that the officer raised his hands to signal defendant to relax and to stop, and in order to stabilize the situation, constituting an "instinctive reaction to defendant's movements" and not a constructive seizure (*see, People v Moore*, 202 AD2d 348, *lv denied* 84 NY2d 870). Moreover, even were we to conclude that defendant was seized, we would find that his statement that he possessed a gun, made immediately after the officer directed him to stop, was not a spontaneous, provoked reaction to the seizure, but rather an independent act involving a calculated risk which sought to deflect the officer from the narcotics that he believed defendant possessed (*see, People v Duncan*, 234 AD2d 8, 9, *supra*).

Defendant's claim of judicial interference during his testimony, raised for the first time at the close of evidence, is unpreserved (*see, People v Yut Wai Tom*, 53 NY2d 44), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's questions focused mostly on developing factual information and could not have deprived defendant of a fair trial (*see, People v Moulton*, 43 NY2d 944).

We perceive no abuse of sentencing discretion. Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.