■ EDWARD CHALPIN et al., Appellants, v CHASE CARO et al., Respondents. [696 NYS2d 34] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered September 25, 1998, which granted defendants' motion dismissing the complaint on the ground of res judicata, unanimously affirmed, with costs.

The Federal District Court's determination fixing the value of defendants' legal services in the underlying action in which defendants were retained by plaintiffs necessarily decided that there was no legal malpractice, and the interposition of such a claim is subsequently barred by the doctrine of res judicata (*see, Summit Solomon & Feldesman v Matalon*, 216 AD2d 91, 92, *lv denied* 86 NY2d 711). Given that the District Court had ancillary jurisdiction to decide the value of defendants' services in the underlying action (*see, Cluett, Peabody & Co. v CPC Acquisition Co.*, 863 F2d 251, 256), it necessarily had ancillary jurisdiction to decide whether defendants committed any malpractice in that action. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS AYALA, Appellant. [696 NYS2d 131] —Judgment, Supreme Court, Bronx County (John Perone, J., at suppression hearing; Dennis Boyle, J., at plea and sentence), rendered March 27, 1997, convicting defendant of criminal possession of a weapon, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

The police had reasonable suspicion justifying a frisk of defendant, or, at least, the officer's minimally intrusive act of grabbing the outside of defendant's pants pocket, which showed a bulge. We reach this conclusion based upon the officers' rapid response to an anonymous call of shots fired from a described vehicle; their observation, moments later, of defendant in a car that substantially matched the description of the vehicle in the radio run and that was at the precise location described therein; the lack of any other cars in the vicinity that matched the radio run description or of other people in the area; and the early morning hour (*see, People v Stewart*, 41 NY2d 65; *People v Reyes*, 234 AD2d 63, *affd* 90 NY2d 916). Once the officer felt a hard object which he feared was a gun, it was proper for him to search the pocket (*see, People v Thomas*, 176 AD2d 539, 540, *lv denied* 79 NY2d 833). Accordingly, the suppression motion was properly denied. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.