■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON MARTINEZ, Appellant. [701 NYS2d 377] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered July 7, 1997, convicting defendant, upon his guilty plea, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

At approximately 2:00 A.M. on February 28, 1997, Police Officer Pagan observed defendant holding an open beer can in front of 983 Amsterdam Avenue in Manhattan. Pagan, intending to give defendant a summons for an open container violation, approached defendant and asked him for identification. Defendant responded that he did not have any on him but that he could retrieve his identification because he lived in the building. Pagan accompanied defendant to an apartment where defendant knocked on the door. An individual, after looking through the peephole, indicated that he did not know defendant. At this juncture, defendant, for the first time, stated that he in fact lost his identification. In view of this, Pagan placed defendant under arrest, frisked him for weapons, and transported him to the 24th Precinct.

At the precinct, defendant, although asked, failed to provide Pagan with the telephone number of anyone who could verify his identity. Accordingly, Pagan determined that defendant would be placed in a cell. Before doing so, Pagan, in the company of another officer, conducted a search of defendant, requiring him to remove his clothing. According to Pagan, he did this to make sure that defendant did not have any "sharp objects" or weapons. When defendant lowered his underpants, six tins of cocaine fell to the ground.

Thereafter, defendant moved for suppression of the cocaine,

arguing that in the absence of reasonable suspicion to believe he possessed a weapon or other contraband, a strip search as incident to his arrest for an open container violation was not within constitutional bounds. Supreme Court denied the motion. Assuming, without deciding, that reasonable suspicion was required to conduct the search at issue (*see, Kaufman v Rivera*, 1999 WL 197199, 1999 US App LEXIS 6259 [2d Cir, Apr. 1, 1999]; *Weber v Dell*, 804 F2d 796, *cert denied sub nom. County of Monroe v Weber*, 483 US 1020), we agree that suppression is not warranted.

It is true that the predicate for defendant's arrest, namely an open container violation, did not give rise to reasonable suspicion that defendant was in possession of a weapon or other contraband. However, reasonable suspicion in the context of an arrest may be generated not only by the offense charged, but also by "the particular characteristics of the arrestee, and/or the circumstances of the arrest" (*Weber v Dell*, 804 F2d 796, 802, *supra*).

Here, defendant, from his initial contact with Officer Pagan, engaged in a pattern of behavior indicating that he was trying to frustrate the discovery of his identity. Moreover, even after his arrest and transport to the precinct, defendant made verification of his identity impossible. Where an arrested individual has engaged in such conduct, it is reasonable to assume that he has done so to evade prosecution on some other, possibly serious, crime (*People v Walker*, 83 NY2d 455, 462), or that he may have actually been engaged in a more serious offense than that for which he was arrested (*Wachtler v County of Herkimer*, 35 F3d 77, 81).

What therefore emerges is that Officer Pagan was faced with an arrestee whose characteristics were not ascertainable and who, from every objective indication, sought to purposefully deprive Officer Pagan of information permitting an assessment of those characteristics. Thus, a reasonable officer, in the position of Officer Pagan (*see, Whren v United States*, 517 US 806), would have no way of knowing whether the person in his custody was, or was not, a dangerous felon. Under these circumstances, there was reasonable suspicion justifying the post-arrest strip search of defendant (*cf., Wachtler v County of Herkimer*, 35 F3d 77, 81, *supra*). Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Friedman, JJ.