■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW E. CHURBY, Appellant. [716 NYS2d 333] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered September 9, 1998, convicting him of operating a motor vehicle while under the influence of alcohol, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court improperly imposed a greater sentence than what had been promised is not preserved for appellate review, as he neither objected to the sentence on that ground nor moved to vacate his plea (*see, People v Wilson,* 257 AD2d 674; *People v Gayle,* 224 AD2d 710). In addition, since the defendant has been released from incarceration, rendering his claim largely academic, we decline to review it in the exercise of our interest of justice jurisdiction. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO COLLADO, Appellant. [716 NYS2d 332] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered September 29, 1999, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contention, raised for the first time at the close of evidence, that the trial court unduly interfered with the questioning of him at trial (*see, People v Yut Wai Tom,* 53 NY2d 44; *People v Gales,* 264 AD2d 642; *People v Smith,* 222 AD2d 463). In any event, the contention is without merit since the court's minimal interjections facilitated an orderly progression of the trial and did not deprive the defendant of a fair trial (*see, People v Yut Wai Tom, supra; People v Hartzog,* 263 AD2d 492).

The sentence was not excessive (*see, People v Suitte,* 90 AD2d 80; *People v Robinson,* 250 AD2d 629).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Goldstein, J. P., McGinity, Luciano and Feuerstein, JJ., concur.