■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THORNA DAVIS, Appellant. [754 NYS2d 481] —Appeal from a judgment of Chautauqua County Court (Ward, J.), entered August 16, 1999, convicting defendant after a jury trial of, inter alia, promoting prison contraband in the first degree.

It is hereby ordered that the judgment so appealed from be

and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Chautauqua County Court for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). He contends that this matter should be remitted to Chautauqua County Court for a reconstruction hearing to determine whether he was deprived of his right to be present at a *Sandoval* hearing. We reject that contention, inasmuch as the record does not establish that a *Sandoval* hearing was held (*cf. People v Mitchell*, 189 AD2d 337, *lv dismissed* 81 NY2d 1065). "Defendant is relegated to a motion for postjudgment relief pursuant to CPL 440.10 (1) (f)" (*People v Larrabee,* 201 AD2d 924, 924, *lv denied* 83 NY2d 855). Defendant's further contention concerning alleged prosecutorial misconduct on summation is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Finally, we agree with defendant that he was illegally sentenced as a second felony offender because the People and the court failed to comply with CPL 400.21 (*see People v Welch,* 234 AD2d 404, 404-405; *People v Kennedy*, 151 AD2d 831, 833; *People v Towns*, 94 AD2d 973). We reject the People's contention that defendant waived compliance with CPL 400.21 when he stipulated at trial to the prior felony conviction (*see* 200.60 [3] [a]). We therefore modify the judgment by vacating the sentence, and we remit the matter to Chautauqua County Court for resentencing in compliance with CPL 400.21. Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.