■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD PIERRE, Appellant. [780 NYS2d 389]—

Mugglin, J. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered December 18, 2003, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant was one of two passengers in a taxicab stopped for speeding. While making inquiry of the taxicab driver, the police officer detected the odor of marihuana emanating from the vehicle. Although the occupants of the taxi denied using marihuana, the other passenger admitted to earlier being in the presence of someone smoking marihuana. Defendant initially misidentified himself to the officer, but his actual identity was discovered, as was the fact that there was an outstanding warrant on defendant. Arrested for false impersonation and on the outstanding warrant, defendant was transported to the police

station where a strip search revealed a bag of crack cocaine secreted between the cheeks of his buttocks. Thereafter, defendant was indicted for criminal possession of a controlled substance in the third degree. County Court denied defendant's motion to suppress the physical evidence seized and issued *Sandoval* and *Molineux* rulings. After jury selection, defendant entered a plea of guilty to the indictment and was sentenced as a second felony offender to a term of imprisonment of 5 to 10 years. Defendant appeals, raising four issues.

First, defendant claims that his plea of guilty was involuntary because he believed he could not receive a fair trial due to the adverse evidentiary rulings made by County Court. Defendant has not preserved this issue for appellate review since he did not move to withdraw his plea or vacate the judgment of conviction (*see People v Costa*, 4 AD3d 675, 676 [2004]; *People v Perry*, 4 AD3d 618, 619 [2004]; *People v Hughes*, 3 AD3d 736, 736 [2004]). Were we to address this issue, we would find it meritless since the record reveals that defendant's plea was knowingly, intelligently and voluntarily entered after a thorough searching inquiry of defendant by County Court. Under such circumstances, a belief arising from adverse evidentiary rulings that a fair trial cannot be obtained does not render the plea involuntary (*see People v Dumpson*, 238 AD2d 802, 803 [1997], *lv denied* 90 NY2d 892 [1997]).

Second, defendant contends that the failure to grant his motion to suppress the physical evidence seized during both the pat-down and strip searches of his person was reversible error.* Where a police officer makes an appropriate traffic stop, he or she may properly search the vehicle and its occupants when there is probable cause to believe that a crime has been or is being committed therein (*see People v McRay*, 51 NY2d 594, 602 [1980]; *People v Davis*, 235 AD2d 941, 942-943 [1997]). Such probable cause may be found to exist upon the detection of the odor of marihuana (*see People v Guido*, 175 AD2d 364, 365 [1991], *lv denied* 78 NY2d 1076 [1991]; *People v Martin*, 169 AD2d 1006, 1006-1007 [1991]; *People v McCormick*, 162 AD2d 878, 879 [1990], *lv denied* 77 NY2d 841 [1991]), but the record must adequately demonstrate the officer's training and experience in the recognition of the odor or other factors which give reasonable cause to believe that the odor detected is, in fact, marihuana (*see People v Guido, supra* at 365; *People v Martin, supra* at 1006-1007; *People v Chestnut*, 43 AD2d 260, 261-262 [1974], *affd* 36 NY2d 971 [1975]).

---

* A guilty plea does not foreclose appellate review of a final order denying a motion to suppress evidence (*see* CPL 710.70 [2]; *People v Fernandez*, 67 NY2d 686, 688 [1986]).

Here, although the record of the suppression hearing is barren of any evidence regarding the officer's training and experience in the detection of the odor of marihuana, the other passenger's admission of earlier being in the presence of someone smoking marihuana, and the manner in which defendant responded to the officer's inquiries validate the officer's contention that he detected the odor of marihuana emanating from the vehicle. Based on the totality of these circumstances, we conclude that the officer had probable cause to conduct the patdown search of defendant. Moreover, based on this record, we hold that the officer had a reasonable suspicion that defendant was carrying a weapon or other contraband, providing the probable cause necessary to conduct the strip search at the police station (*see People v Marsh*, 20 NY2d 98, 101 [1967]; *People v Kelley*, 306 AD2d 699, 700-701 [2003], *lv denied* 1 NY3d 598 [2004]; *People v Martinez*, 268 AD2d 266, 267 [2000], *lv denied* 94 NY2d 950 [2000]). The evidence supporting this conclusion includes defendant's intentional attempt to hide his identity, the existence of the odor of marihuana, the loose-fitting clothing worn by defendant, defendant's known status as a parolee and the outstanding warrant for his arrest. As a result, County Court committed no error by failing to suppress such evidence.

Third, defendant challenges the *Molineux* ruling, contending that proper notice of the proposed evidence was not given (*see People v Himko*, 239 AD2d 661, 662-663 [1997], *lv denied* 90 NY2d 906 [1997]; *People v Graves*, 194 AD2d 925, 926-927 [1993], *lv denied* 82 NY2d 719 [1993]). It is well settled that a guilty plea renders consideration of such evidentiary rulings irrelevant on appeal (*see People v Campbell*, 73 NY2d 481, 486 [1989]; *People v Mead*, 198 AD2d 612, 613 [1993], *lv denied* 82 NY2d 899 [1993]). Further, the issue has not been preserved for appellate review by defendant's purported reservation of rights to appeal made in conjunction with his guilty plea. A defendant cannot unilaterally preserve an issue for appellate review where such review is otherwise foreclosed (*see People v Mack*, 53 NY2d 803, 806 [1981]; *People v Ward*, 174 AD2d 589, 589 [1991], *appeal denied* 78 NY2d 1015 [1991]).

Lastly, defendant contends that he was not properly sentenced as a second felony offender, since no second felony offender statement was filed by the People prior to sentencing (*see* CPL 400.21 [2]). While we have previously held that substantial compliance with this statute is adequate when the defendant admits the prior felony (*see People v Rivers*, 184 AD2d 921, 922 [1992], *lv denied* 80 NY2d 933 [1992]) and that errors or omissions in the statement may be waived by an admission by the

defendant (*see People v Kennedy*, 277 AD2d 814, 815 [2000], *lv denied* 96 NY2d 760 [2001]), we have also held that compliance with the statute is mandatory and that complete failure to file a second felony offender statement prior to sentencing renders the sentence invalid as a matter of law (*see People v May*, 180 AD2d 974 [1992]; *see also People v Davis*, 302 AD2d 866, 867 [2003], *lv denied* 100 NY2d 561 [2003]). As the People concede that they filed no predicate felony statement, we must remit to County Court for resentencing in compliance with CPL 400.21.

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.