■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCY DAVENPORT, Appellant. [780 NYS2d 14]—

Judgment, Supreme Court, New York County (Renee A. White, J., at suppression hearing; Lewis Bart Stone, J., at jury trial and sentence), rendered August 27, 2001, convicting defendant of criminal possession of a controlled substance in the second degree, and sentencing her, as a second felony offender, to a term of six years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress physical evidence. Since defendant conceded at the suppression hearing that the police had the right to stop and frisk her, her current argument to the contrary is unpreserved (*see e.g. People v Vasquez*, 66 NY2d 968 [1985], *cert denied* 475 US 1109 [1986]), and we decline to review it in the interest of justice. Furthermore, the record is insufficient to permit review of her claim that the radio run to which the police responded was the product of an anonymous call (*see People v Tutt*, 38 NY2d 1011, 1012-1013 [1976]). Although defendant did preserve her argument that the police were not justified in removing an item from her pocket, that argument is unavailing. An officer patted down defendant and felt a hard and heavy object that he properly removed, since he reasonably feared it to be a weapon based on his familiarity with small handguns (*see People v Ayala*, 265 AD2d 155 [1999], *lv denied* 94 NY2d 860 [1999]).

With regard to defendant's statement, even if we were to assume that she told the police that she wanted to call her children so that they could get her a lawyer, we would find the error in admitting her statement to be harmless (*see People v Crimmins*, 36 NY2d 230 [1975]) in view of the overwhelming evidence of defendant's guilt. Concur—Nardelli, J.P., Andrias, Ellerin and Friedman, JJ.