■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANSING DE FAYETTE, Appellant. [790 NYS2d 301]—

Rose, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered April 7, 2003, upon a verdict convicting defendant of the crime of reckless endangerment in the first degree.

Defendant was indicted and charged with assault in the second degree and reckless endangerment in the first degree as a result of the victim's allegations that he beat her and attempted to smother her with a pillow. Following a jury trial, defendant was found not guilty of assault in the second degree,

but guilty of reckless endangerment in the first degree. He was sentenced, as a second felony offender, to a prison term of $3^1/_2$ to 7 years, and now appeals.

Defendant initially contends that he was denied the effective assistance of counsel because counsel failed to call certain witnesses as defendant had requested. Inasmuch as counsel stated on the record that the decision not to call those witnesses was a tactical one, and defendant offers nothing to show that he was prejudiced thereby (*see People v Brewer*, 266 AD2d 577, 578-579 [1999]), we disagree. Our review of the representation in its totality leads us to conclude that defendant received a meaningful defense (*see People v McDonald*, 255 AD2d 688, 689 [1998]).

Defendant's claim that the verdict convicting him of reckless endangerment in the first degree was inconsistent with the verdict acquitting him of assault in the second degree is unpreserved since he failed to raise the issue at trial before the jury was discharged (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v St. Paul*, 3 AD3d 604, 605 [2004], *lv denied* 2 NY3d 765 [2004]). Nonetheless, were we to consider it, we would find it to be unavailing because the crimes of assault in the second degree and reckless endangerment in the first degree require different mental states (*see* Penal Law §§ 120.25, 120.05 [2]). In our view, all that the acquittal on the assault count indicates is that the People failed to prove that defendant acted with intent to cause the victim physical injury.

Defendant next contends that County Court committed error by admitting testimony by the victim's sister concerning defendant's prior assaultive behavior toward the victim. The testimony of this witness helped to explain defendant's relationship with the victim and establish his intent and the absence of mistake or accident, and its probative value was not outweighed by its prejudicial effect (*see People v Luck*, 294 AD2d 618, 620 [2002], *lv denied* 98 NY2d 699 [2002]; *People v Lotmore*, 276 AD2d 901, 902 [2000], *lv denied* 96 NY2d 736 [2001]). Upon review of the record, however, we find no indication that County Court gave any limiting instruction regarding the use of such evidence either when the testimony was given or in the court's final jury charge (*see People v Resek*, 3 NY3d 385, 389 [2004]; *People v Greene*, 306 AD2d 639, 642-643 [2003], *lv denied* 100 NY2d 594 [2003]). Nevertheless, defendant's failure to object to the court's omissions or request an appropriate jury charge renders this issue unpreserved for our review (*see* CPL 470.05 [2]; *People v Wright*, 5 AD3d 873, 876 [2004], *lv denied* 3 NY3d 651 [2004]; *People v Matthews*, 221 AD2d 802, 802-803 [1995], *lv denied* 88 NY2d 850 [1996]). Were we to consider it, we would

find County Court's error to be harmless in light of the overwhelming evidence of defendant's guilt (*see People v Kello*, 96 NY2d 740, 744 [2001]; *People v Wright, supra* at 876-877).

Finally, defendant contends that he was not properly sentenced as a second felony offender because no second felony offender statement was filed by the People prior to sentencing (*see* CPL 400.21 [2]). We agree that the complete failure to file a felony offender statement prior to sentencing renders the sentence invalid as a matter of law (*see People v Pierre*, 8 AD3d 904, 907 [2004], *lv denied* 3 NY3d 710 [2004]; *People v Davis*, 302 AD2d 866, 867 [2003], *lv denied* 100 NY2d 561 [2003]). Since the People concede that there is no such statement in the record here, we must remit the matter to County Court for resentencing in compliance with CPL 400.21.

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Clinton County for resentencing; and, as so modified, affirmed.