■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
KEVIN MIMS, Appellant. [821 NYS2d 565]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J., at hearing; Gregory Carro, J., at plea and sentence), rendered May 3, 2005, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). After observing a traffic infraction, the police made a lawful stop of the livery cab in which defendant was riding (see People v Robinson, 97 NY2d 341 [2001]; People v Irizarry, 282 AD2d 483 [2001], lv denied 97 NY2d 705 [2002]). After properly asking defendant to step out of the cab (see People v Alvarez, 308 AD2d 184, 187 [2003], lv denied 3 NY3d 657 [2004]), an officer noticed a large bulge in defendant's crotch area. This observation, coupled with the officer's observation of defendant's furtive behavior when the cab was stopped, provided reasonable suspicion justifying a frisk (see People v Williams, 287 AD2d 396 [2001], lv denied 97 NY2d 734 [2002]; People v Duncan, 234 AD2d 8 [1996]; compare People v Taveras, 155 AD2d 131 [1990], appeal dismissed 76 NY2d 871 [1990]). When the officer touched the bulge and felt a hard object that he reasonably believed could be a gun, he was entitled to reach into the crotch area and remove the object, which consisted of a package of drugs (see People v Thompson, 232 AD2d 267 [1996], lv denied 89 NY2d 947 [1997]). Concur—
Mazzarelli, J.P., Andrias, Sullivan, Nardelli and McGuire, JJ.