■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON D. SUTHERLAND, Appellant. [837 NYS2d 662]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered September 16, 2005, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The resolution of issues of credibility made by a hearing court are entitled to great deference on appeal, and will not be disturbed unless they are manifestly erroneous (*see People v Collier,* 35 AD3d 628 [2006]; *People v Ortiz,* 31 AD3d 580 [2006]). Contrary to the defendant's contention, the record in this case amply supports the hearing court's determination to credit the police testimony, as well as the court's factual findings that the vehicle in which the defendant was riding was lawfully stopped for a traffic infraction (*see People v Ellis,* 62 NY2d 393 [1984]; *People v Phillips,* 285 AD2d 477 [2001]; *People v Alcide,* 252 AD2d 591 [1998]). Furthermore, the removal of the defendant from the vehicle in order to conduct a protective pat-down was warranted by the smell of marijuana emanating from the vehicle, the defendant's known status as a parolee, and the evasive, furtive, and threatening conduct in which he engaged (*see People v Robinson,* 74 NY2d 773 [1989], *cert denied* 493 US 966 [1989]; *People v Feili,* 27 AD3d 318 [2006]; *People v Pierre,* 8 AD3d 904 [2004]; *People v Turchio,* 244 AD2d 366 [1997]). Similarly, the seizure of the weapon from the defendant, as well the seizure of the drugs incidental thereto, was lawful (*see People v Mims,* 32 AD3d 800 [2006]; *People v Davenport,* 9 AD3d 316 [2004]; *People v Thompson,* 232 AD2d 267 [1996]). Accordingly, that branch of the defendant's omnibus motion which was to suppress physical evidence was properly denied.

The defendant's contentions that the prosecution failed to produce a necessary witness at the suppression hearing and that his plea of guilty was not knowingly, intelligently, and voluntarily entered are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Shabazz,* 99 NY2d 634 [2003]; *People v Toxey,* 86 NY2d 725 [1995]; *People v Pellegrino,* 60 NY2d 636 [1983]; *People v Martin,* 50 NY2d 1029 [1980]) and, in any event, are without merit (*see People v Harris,* 61 NY2d 9 [1983]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions, to the extent they are reviewable on direct appeal, are without merit. Mastro, J.P., Santucci, Skelos and Dickerson, JJ., concur.