■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD JACKSON, Appellant. [861 NYS2d 14]—

Judgment, Supreme Court, New York County (Gregory Carro, J., at suppression hearing; Micki A. Scherer, J., at plea and sentence), rendered November 8, 2006, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 3½ years, unanimously affirmed.

The court properly denied defendant's suppression motion. During a lawful stop of the car that defendant was driving, the officer saw defendant making fast movements towards his pants pocket. As the officer got closer, he saw defendant, who was acting in a nervous and jittery manner, remove his hand from his right front pants pocket. Defendant produced a registration that did not match his driver's license. As the officer talked with defendant, he observed a bulge, about three or four inches wide, protruding from the same pocket where defendant's hand had been. When the officer asked if defendant had "anything on [him]," defendant, notwithstanding the obvious pocket bulge, answered "no." While these observations would have justified a protective frisk (see People v Mims, 32 AD3d 800 [2006]), notwithstanding possibly innocent explanations for defendant's conduct (see People v Allen, 42 AD3d 331 [2007], affd 9 NY3d 1013 [2008]), the officer instead made the limited intrusion of ordering defendant out of the car, touching the outside of the bulge, and asking defendant what was in his pocket. When defendant replied that he had drugs, this provided probable cause for his arrest. Concur—Lippman, P.J., Tom, Gonzalez, Buckley and Catterson, JJ.