■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS HILL, Appellant. [863 NYS2d 436]—

Judgment, Supreme Court, New York County (Renee A. White, J., at initial suppression motion and denial of application to reopen suppression hearing; Roger S. Hayes, J., at hearing; Arlene R. Silverman, J., at plea and sentence), rendered February 8, 2006, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of six years, and order, same court

(Arlene R. Silverman, J.), entered on or about February 7, 2008, which denied his CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The hearing court properly denied defendant's suppression motion. The police lawfully arrested defendant based on probable cause to believe he had just sold a large quantity of drugs, and all the evidence at issue in this case was obtained as incident to that lawful arrest. One of the elements of probable cause was defendant's statement that he was carrying $4,000, a sum that corresponded to the amount involved in the suspected transaction. We find nothing unlawful about the manner in which the police obtained defendant's statement about the $4,000. During a lawful car stop, a chain of suspicious conduct and circumstances involving defendant and the other occupants provided the police with, at least, a founded suspicion of criminality that permitted them to ask defendant about the bulges in his clothing, and, upon receiving a reply that the bulges were money, to ask how much. While the police also frisked defendant before he stated how much money he was carrying, that frisk was justified because the attendant circumstances provided reasonable suspicion that defendant was carrying a weapon (see People v Mims, 32 AD3d 800 [2006]). In any event, regardless of the legality of the frisk, we conclude that defendant's reference to $4,000 was not the product of such frisk.

Defendant's initial suppression motion did not encompass certain drugs recovered from his person following his arrest. During the hearing, defense counsel sought to expand the hearing to include those drugs, and the hearing court referred the matter to the initial motion court, which denied the application. Since we conclude defendant's arrest was lawful, we likewise conclude the police lawfully recovered drugs from defendant's person. Therefore, defendant was not prejudiced by his attorney's decision not to include those drugs in the initial motion, which was based on defendant's statement to counsel that he did not possess those drugs. Furthermore, by the time of the application in question, the hearing court had already made a correct determination as to probable cause, and a reopened hearing would have served no useful purpose.

The court properly exercised its discretion in denying defendant's CPL 440.10 motion without a hearing (see People v Satterfield, 66 NY2d 796, 799-800 [1985]). To the extent that defendant is raising other claims of ineffective assistance of counsel, we find them without merit. Concur—Mazzarelli, J.P., Andrias, Saxe, Friedman and Acosta, JJ.