Motion to strike portion of brief and for other related relief denied, and motion to dismiss appeal as moot denied as academic.
Order, Supreme Court, Bronx County (Michael A. Gross, J.), entered on or about October 9, 2007, which granted defendant’s motion to suppress evidence, unanimously reversed, on the law and the facts, the motion denied, and the matter remanded for further proceedings on the accusatory instrument.
At the suppression hearing, the People called one witness, a police officer. Supreme Court “adopt[ed] his testimony in its entirety,” finding that the officer, who was not cross-examined at the hearing, “testified candidly, credibly and to the best of his recollection.” The officer testified that he approached defendant in a park in which various illegal activities occurred, for the purpose of issuing him a summons for being in the park after dusk. When defendant was taking out his identification in response to the officer’s request, “his jacket exposed the knife that was clipped to his pocket.” The officer was then asked, “Can you describe how you first observed this knife?” He responded: “As he moved to get the ID lifting the jacket exposed the knife that was clipped to his pocket.” Asked what his reaction was, the officer testified that “[w]hen I saw it, I asked him ‘What was that?’ As he is giving me a response, I proceeded to grab the knife and I got it out.” The knife turned out to be a gravity knife, and the officer placed defendant under arrest for possessing a per se weapon (Penal Law § 265.01 [1]).
Under these facts the motion to suppress should have been denied. The officer’s approach and request for identification unquestionably were lawful and defendant concedes as much. When the officer saw the knife, he was justified in removing it from defendant’s person (see People v Davenport, 9 AD3d 316 [2004], lv denied 3 NY3d 705 [2004]). That the officer did not have probable cause to conduct a full-blown search of defend *467 ant’s person and arrest him until the officer subsequently ascertained that the knife was a gravity knife is of no moment. Supreme Court also erred in concluding that the officer acted unlawfully because he “only saw a portion of the knife sticking out of defendant’s pocket” and that “only a portion of the handle [of the knife] was visible to him.” As is clear from the testimony quoted above, the officer unequivocally testified that he saw a knife. No evidence at the hearing undercut or contradicted that testimony. To be sure, after the foregoing testimony, the officer also was asked by the prosecutor, “Once you saw what you believed to be a knife in his pocket, how did you remove that object?” However, there was no antecedent testimony from the officer that he merely believed the object to be a knife or that it was “in” rather than clipped to defendant’s pocket. A question that by its terms assumes a fact does not constitute evidence of that “fact.” Nor did the officer in responding to this question ratify the unsupported assumptions in the question. Rather, the officer responded simply by saying, “With my right hand by removing it from his pocket.” The officer’s testimony that the knife was “clipped to [defendant’s] pocket” (emphasis added) is not contradicted by his testimony that he removed the knife “from” (emphasis added) his pocket. Even assuming the question did create an ambiguity concerning what the officer saw, granting the motion nonetheless was erroneous. The officer’s repeated and unequivocal testimony that he saw a knife clipped to defendant’s pocket was more than sufficient to meet the People’s burden of going forward, and defendant failed to meet his ultimate burden of establishing the illegality of the officer’s conduct (see People v Berrios, 28 NY2d 361 [1971]). Moreover, even assuming that the officer “only saw a portion of the knife,” it hardly would follow that he did not see a knife. Finally, we note that neither the knife nor the object by which it was clipped to defendant’s pocket was introduced into evidence and no testimony was elicited concerning the nature or size of that object. Concur—Gonzalez, EJ., Tom, Friedman, McGuire and Acosta, JJ.