People v Leighton R. (2024 NY Slip Op 00362)

People v Leighton R.

2024 NY Slip Op 00362

Decided on January 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 25, 2024

Before: Moulton, J.P., Kapnick, Mendez, Higgitt, O'Neill Levy, JJ. 

Ind. No. 1885/14 Appeal No. 1519 Case No. 2017-03013 

[*1]The People of the State of New York, Respondent,
v
Leighton R., Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Clara Hammond-Oakley of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Larry Glasser counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J., at suppression motion; Robert Torres, J., at plea and sentence), rendered April 10, 2017, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him to three years' probation, unanimously affirmed.
Defendant's purported waiver of his right to appeal is invalid. The court did not elicit any on-the-record acknowledgments that defendant understood the nature of the rights he was waiving or the consequences of the waiver, or that he understood the written waiver that he signed (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; People v Bonilla, 211 AD3d 614, 615-616 [1st Dept 2022]).
However, court properly denied defendant's motion to suppress the gun recovered from the glove compartment of his vehicle. The anonymous tip was sufficiently corroborated to provide the police with reasonable suspicion to stop defendant's car. Within a minute of receiving the radio dispatch that the anonymous caller had reported being shot by two black men in a white Mercedes Benz at the intersection of 233rd Street and White Plains Road, the responding officers observed defendant and a passenger in a vehicle fitting the description a block from the reported scene of the shooting (see People v Argyris, 24 NY3d 1138, 1140-1141 [2014]; People v Ayala, 265 AD2d 155 [1st Dept 1999], lv denied 94 NY2d 860 [1999]). That another officer in the area did not hear gunshots did not undermine the reliability of the anonymous tip or the responding officers' reasonable suspicion for the stop.
Following the stop, the officers were justified in searching the car based on defendant's consent. In addition, the radio dispatch stating that the victim knew the shooter's address, and the transmission of an address matching that on defendant's driver's license independently furnished the officers with probable cause to conduct a search (see People v DiFalco, 80 NY2d 693, 699 [1993]). That central dispatch also informed the officers that the shooting had in fact occurred in Mount Vernon did not negate the reliability of the anonymous tip. Given the existence of probable cause, even if defendant's consent did not extend to a search of the locked glove compartment, the officers were justified in searching it pursuant to the automobile exception (see People v Ellis, 62 NY2d 393, 397-398 [1984]). Moreover, the officers' observation of a gun and the smell of gunpowder through a gap in the glove compartment when they pulled on its door provided an additional lawful basis for the search (see People v Pastrana, 205 AD3d 461, 462-463 [1st Dept 2022], lv denied 38 NY3d 1135 [2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2024